821 P.2d 1379

**The STATE of Arizona, Appellee,**

v.

**Jimmy Brady MAXIMO, Appellant.**

**No. 2 CA–CR 90–0517.**

Court of Appeals of Arizona, Division 2, Department B.

Sept. 19, 1991.

Review Denied Jan. 21,1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Phoenix, and Eric J. Olsson, Tucson, for appellee.

La Barge and Holmes by Robb P. Holmes, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was convicted after a jury trial of one count of attempted second-degree murder, two counts of aggravated assault, one count of armed robbery, one count of burglary and one count of theft by control. He was sentenced to consecutive terms of imprisonment on the attempted murder, burglary and armed robbery counts totaling 46 years. He was sentenced to concurrent 15–year prison terms on the aggravated assault counts. The theft verdict was vacated as a lesser-included offense of armed robbery.

We view the facts in a light most favorable to sustaining the verdict. *State v. Zmich,* 160 Ariz. 108, 770 P.2d 776 (1989).

Appellant and two accomplices went to the victim's home intending to steal guns. When the victim answered the door, she was knocked to the floor. When the victim got up, she rushed at appellant, who stepped aside and stabbed her in the neck. He then grabbed her by her hair and continued stabbing her. Appellant told a police officer he was "just trying to get her to stop yelling." He also stated he was not afraid of the victim because "she couldn't hurt me, she's just a lady." Appellant and his accomplices left with 16 guns, the victim's purse and the knife. After appellant was arrested, he confessed. The police found the victim's purse in appellant's bedroom, still containing her credit cards.

Appellant raises six issues on appeal: (1) his motion to disqualify the prosecutor should have been granted; (2) the knife found in his accomplice's possession should not have been admitted into evidence; (3) photographs of the crime scene should not have been admitted; (4) third-party consent to search his bedroom was invalid; (5) his confession was obtained in violation of his privilege against self-incrimination; and,

(6) his motion for a mistrial should have been granted. We affirm.

## PROSECUTOR DISQUALIFICATION

■ Prior to appellant's trial, the prosecutor questioned him under a grant of immunity at his accomplice's preliminary hearing. Appellant moved to have the prosecutor disqualified, contending it would otherwise be impossible to ensure that the state did not use any of appellant's immunized testimony against him.

■ The issue is whether the state's evidence at trial was derived from a legitimate source wholly independent of the compelled testimony. *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Arizona's rule is coextensive with *Kastigar* and the fifth amendment; any evidence derived from any answer given in response to a grant of immunity must be excluded. *John Doe I v. Superior Court,* 149 Ariz. 169, 171, 717 P.2d 473, 475 (App. 1985).

■ The state must prove by a preponderance of the evidence that its case is not based on any information obtained directly or indirectly from the immunized testimony. *United States v. Zielezinski,* 740 F.2d 727 (9th Cir.1984); *State v. Carruth,* 160 Ariz. 573, 774 P.2d 1363 (App.1988). However, a prosecutor's access to immunized testimony does not violate the fifth amendment. *Gwillim v. City of San Jose,* 929 F.2d 465 (9th Cir.1991); *United States v. Crowson,* 828 F.2d 1427 (9th Cir.1987).

Here, the prosecutor demonstrated that pretrial investigation had already been completed before appellant's immunized testimony and that the evidence at trial would be limited to that which had been derived from appellant's original confession. The trial court had the detective's handwritten notes of the jailhouse confession and the transcript of the immunized testimony for purposes of comparison with each other and with the detective's trial testimony. Thus, just as in *United States v. Pantone,* 634 F.2d 716 (3rd Cir.1980), the trial judge here was able to properly exer-

cise her discretion in determining whether the immunized testimony was coterminous with the earlier confession and whether the prosecutor, who had learned nothing from the immunized testimony that he did not already know from the confession, could represent the state at trial. We find no abuse of discretion in the trial court's determination. *State v. Carruth,* 160 Ariz. at 576, 774 P.2d at 1366.

### THE KNIFE

Appellant's second claim of error is that the trial court committed reversible error by admitting into evidence three pieces of a knife found in the gym bag of an accomplice when he was arrested in Oregon. In appellant's confession he said the accomplice gave him the knife used in the assault. After the assault, appellant dropped the knife, and the accomplice picked it up as they fled.

■ Appellant's objection to the introduction of the knife was lack of foundation. A proponent of evidence may satisfy foundation requirements with the identification testimony of a witness who has knowledge of the exhibit. *State v. Emery,* 141 Ariz. 549, 551, 688 P.2d 175, 177 (1984). The detective who arrested the accomplice and found the pieces of the knife identified the exhibit. This testimony was sufficient to establish foundation; the exhibit at trial was the disassembled knife that the accomplice possessed at the time of his arrest. Foundation was established by showing that the exhibit at trial was the evidence collected from the accomplice.

### THE PHOTOGRAPHS

■ Appellant next argues that it was error to admit four photographs showing blood on the wall and floor of the victim's house and blood in the entry area and kitchen of the neighbor's house where the victim went for assistance. He argues the photographs are gruesome and highly inflammatory.

■ Gruesomeness alone is not a valid objection. *State v. Staatz,* 159 Ariz. 411, 415, 768 P.2d 143, 147 (1988). Photographs are properly admissible to illustrate testimony and corroborate the state's theory of how the crime was committed. *Id.* The admissibility of photographic exhibits is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *State v. Rushing,* 156 Ariz. 1, 749 P.2d 910 (1988).

Here, the photographs illustrated and corroborated both appellant's and the victim's descriptions of the site and the violence of the attack. The photographs were also relevant to the medical testimony concerning the extent of the victim's injuries and their threat to the victim's life. Additionally, they were indicative of "serious physical injury being inflicted," an element of aggravated assault. *State v. Rushing,* 156 Ariz. at 3, 749 P.2d at 912. The amount of blood also supported the elements of intent and knowledge for the charge of first-degree murder.

### THE SEARCH

■ Police officers went to appellant's parents' home and obtained their consent to search appellant's living quarters. Appellant lived in a small apartment detached from the main house on the property. During the search, the officers found the victim's purse. Appellant argues that the purse and its contents should have been suppressed because his parents lacked authority to consent to the search.

■ The ordinary requirement for a search warrant may be satisfied by a valid third-party consent. *Illinois v. Rodriguez,* 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990); *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1924). Consent is valid if the third-party has "common authority" over the premises or "other sufficient relationship to the premises or effects sought to be inspected." *Matlock,* 415 U.S. at 171, 94 S.Ct. at 993, 39 L.Ed.2d at 250. Common authority does not arise solely from a property interest but rests instead on mutual use of the property by persons having joint access or control for most purposes, so that it is

reasonable to recognize a right of inspection in the third party and that the defendant has assumed the risk that the third party might consent to a search. *Id.* n. 7.

The record shows that appellant's parents owned and lived on the premises. Appellant paid no rent for the privilege of sleeping in the detached bedroom. Although appellant kept the room locked, his parents had a key and entered at will.

The overwhelming majority of cases uphold third-party consent by parents to the quarters of children living at home. W. LaFave, *Search and Seizure* § 8.4(b) at 280 (2d ed. 1987). There is a risk which the child must assume, regardless of his subjective intent, that his parents will later elect to exercise full authority over their own property, even if the child customarily locks the door to his asserted private space. *Id.* at 284.

There is no meaningful distinction between this case and *State v. Moreno*, 27 Ariz.App. 460, 556 P.2d 14 (1976), where a father's consent to search was upheld because there was no landlord-tenant relationship, no evidence that Moreno had excluded his parents from the room, and no restriction on Moreno's mother's entry for cleaning purposes.

## THE CONFESSION

■ Appellant argues that his confession should have been suppressed because it was obtained in violation of his privilege against self-incrimination. When the detectives visited appellant in jail, they placed three photographs in front of him and asked if he would talk about these people. He claims that this constituted unwarned custodial interrogation in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). That "interrogation," he argues, tainted his subsequent confession and rendered it inadmissible.

The detective's words prior to giving *Miranda* warnings did not constitute "interrogation" within the meaning of *Miranda.* Merely informing a defendant of the circumstances of an investigation is not tantamount to interrogation. In *United States v. Crisco*, 725 F.2d 1228, 1232 (9th Cir.),

cert. denied, 466 U.S. 977, 104 S.Ct. 2360, 80 L.Ed.2d 832 (1984), for example, the undercover agent participating in an arrest reminded the defendant, "[Y]ou met with me ... for the purpose of seeing $60,000 that I was going to use to buy a kilo of cocaine." The defendant's ensuing statements were found not to be the result of interrogation because the agent's statement could not reasonably have been expected to elicit an incriminating response.

Appellant was not accused of any crime. The detective merely showed him three pictures and asked him if he wanted to talk about those people. When appellant stated that he did, the detective gave him his *Miranda* warnings. The detective might have hoped appellant would incriminate himself when he saw the pictures; however, the police do not "interrogate" a suspect simply by hoping he will say something incriminating. *Arizona v. Mauro*, 481 U.S. 520, 107 S.Ct. 1931, 95 L.Ed.2d 458 (1987). In any event, appellant had received his warnings before making any incriminating statements.

## MISTRIAL

■ Appellant's final argument is that the trial court should have granted his motions for a mistrial because of prejudicial comments made by two police officers while testifying. One mentioned that appellant was in jail for an unrelated matter. The other said that appellant had met his accomplice in 1984 or 1985 at Department of Corrections, Catalina. In both instances, the trial court sustained defense objections and instructed the jury to disregard the remarks.

■ The trial court has broad discretion to decide whether a mistrial is warranted. *State v. Bailey*, 160 Ariz. 277, 279, 772 P.2d 1130, 1132 (1989). When a witness volunteers an inadmissible statement, the trial court must decide if some remedy short of a mistrial will cure the error. *State v. Adamson*, 136 Ariz. 250, 665 P.2d 972, cert. denied, 464 U.S. 865, 104 S.Ct. 204, 78 L.Ed.2d 178 (1983). Declaring a mistrial is the most dramatic remedy for

trial error and should be granted only when it appears that that is the only remedy to ensure justice is done. *Id.* In the absence of an abuse of discretion, the trial court's decision to deny a mistrial will not be disturbed on appeal. *Id.; State v. Bailey,* 160 Ariz. at 279, 772 P.2d at 1132.

 To constitute reversible error, the admission of testimony alluding to unrelated prior bad acts must make it reasonably probable that the verdict would have been different if the jury had not heard the testimony. *State v. Grijalva,* 137 Ariz. 10, 14, 667 P.2d 1336, 1340 (App.1983). Here, there was overwhelming evidence of appellant's guilt and an adequate instruction to the jury to disregard the remarks. We find no abuse of discretion in denying the motion for a mistrial.

We have searched the record for fundamental error and have found none. Appellant's convictions and sentences are affirmed.

ROLL, P.J., and FERNANDEZ, J., concur.