307 P.3d 69

STATE of Arizona, Appellee,

v.

Allan Dean DOTY, Jr., Appellant.

No. 1 CA–CR 12–0715.

Court of Appeals of Arizona,
Division 1, Department D.

July 30, 2013.

Thomas C. Horne, Attorney General By Joseph T. Maziarz, Chief Counsel, Criminal Appeals/Capital Litigation Section and Aaron J. Moskowitz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

David Goldberg, Fort Collins, CO, Attorney for Appellant.

**OPINION**

OROZCO, Judge.

¶ 1 Allan Dean Doty, Jr. (Defendant) appeals his convictions and sentences for one count of possession of a dangerous drug (methamphetamine) and two counts of possession of drug paraphernalia. He argues the trial court erred in allowing the State to introduce evidence of his prior drug conviction pursuant to Arizona Revised Statutes (A.R.S.) section 13–3415 (2010). Defendant also contends the court erred in denying his motion for mistrial. For the reasons stated below, we affirm.

**BACKGROUND**

¶ 2 On December 11, 2011, while on patrol, Officer Scott of the Cottonwood Police Department entered a convenience store parking lot and noticed Defendant standing over a woman who was crouched down and crying. Officer Scott approached the couple. While talking with Officer Scott, Defendant made repeated, urgent, yet unsuccessful, requests to use the restroom in the convenience store. Defendant was subsequently taken into custody after Officer Scott determined that Defendant had an outstanding warrant. During a search incident to arrest, Officer Scott found a small baggie containing .15 grams of

methamphetamine and part of a hypodermic needle and syringe with an orange cap in Defendant's pocket.[1] After the arrest, Defendant stated he no longer needed to use the restroom.

¶ 3 The State charged Defendant with one count of possession of a dangerous drug (methamphetamine), a class four felony, and based on the baggie and the piece of hypodermic needle and syringe, two counts of possession of drug paraphernalia, class six felonies. In a pretrial ruling, the court permitted the State to introduce evidence of Defendant's 2004 felony conviction for possession of equipment or chemicals for the manufacture of dangerous drugs (2004 Drug Conviction). Accordingly, a copy of the sentencing minute entry for the 2004 Drug Conviction was admitted into evidence at trial.[2]

¶ 4 The jury returned guilty verdicts on all three counts, and the court sentenced Defendant to concurrent minimum prison terms. Defendant timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21.A.1 (2003), 13-4031 (2010) and -4033.-A.1 (2010).

## DISCUSSION

### I. Evidence of Prior Felony Conviction

■ ¶ 5 Before trial, the State requested a hearing to determine the admissibility of Defendant's six prior felony convictions for impeachment purposes in the event Defendant testified. *See* Ariz. R. Evid. 609 (setting forth applicable rules for attacking a witness's credibility with evidence of a prior conviction). The State also noted that, pursuant to A.R.S. § 13–3415.E.2, the nature of the 2004 Drug Conviction was directly admissible in the State's case in chief.

¶ 6 Section 13–3415.E states that "[i]n determining whether an object is drug para-

phernalia, a court or other authority shall consider [fourteen factors], in addition to all other logically relevant factors." The second enumerated factor is "[p]rior convictions, if any, of an owner, or of anyone in control of the object, under any state or federal law relating to any drug." A.R.S. § 13–3415.E.2.

¶ 7 Defendant objected, arguing "[i]t is the fact of a felony conviction that might be [probative], not the type of crime." After conducting the hearing, the court found that the 2004 Drug Conviction was "consistent with A.R.S. Section 13–3415 and [would] be allowed in the State's case in chief."

¶ 8 Defendant argues the court erred in finding the unsanitized 2004 Drug Conviction was admissible under § 13–3415. He asserts this error "led the jury to impermissibly conclude that [Defendant] was guilty now because he was guilty of a similar offense previously." [3]

¶ 9 We review a trial court's decision regarding the admissibility of evidence for abuse of discretion. *State v. Amaya–Ruiz,* 166 Ariz. 152, 167, 800 P.2d 1260, 1275 (1990). We review issues of statutory interpretation de novo. *State v. Peek,* 219 Ariz. 182, 183, ¶ 6, 195 P.3d 641, 642 (2008). When interpreting a statute, our goal is to give effect to the legislature's intent. *Id.* at 184, ¶ 11, 195 P.3d at 643. We look first to the language of the statute because it is the best indication of the legislature's intent. *Id.* If "the language is clear and unequivocal, it is determinative of the statute's construction." *State v. Hansen,* 215 Ariz. 287, 289, ¶ 7, 160 P.3d 166, 168 (2007) (quoting *Deer Valley Unified Sch. Dist. No. 97 v. Houser,* 214 Ariz. 293, 296, ¶ 8, 152 P.3d 490, 493 (2007)). We must also give effect to each word or phrase and apply the "usual and commonly understood meaning unless the legislature clearly intended a different meaning." *Bilke v. State,* 206 Ariz.

---

1. The partial syringe contained minimal visible "residue," but the amount was insufficient for the crime lab to make a "complete identification."

2. The record indicates the State did not refer to the 2004 Drug Conviction during its case in chief; instead, the first time the jury learned of the conviction was during Defendant's direct examination.

3. We note that although it is common practice to sanitize prior convictions before admitting evidence of them at trial, a trial court's decision to admit evidence regarding the specific nature of a prior conviction does not necessarily amount to reversible error. *See State v. Dixon,* 126 Ariz. 613, 618, 617 P.2d 779, 784 (App.1980) ("Prior convictions are not inadmissible per se ... merely because the offense involved is identical to that for which the defendant is on trial.").

462, 464–65, ¶ 11, 80 P.3d 269, 271–72 (2003) (quoting *State v. Korzep*, 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990)). Finally, we "must read the statute as a whole, and give meaningful operation to all of its provisions." *Wyatt v. Wehmueller*, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991).

¶ 10 Defendant argues § 13–3415.E.2 is inapplicable here because the jury is not "a court or other authority" that the statute authorizes to consider a prior conviction for purposes of determining whether an object is drug paraphernalia. Defendant also asserts the 2004 Drug Conviction was for possession of "equipment" for "manufacturing" and thus was not a conviction that falls within § 13–3415.E.2. We reject these arguments.

¶ 11 First, we are unaware of any authority supporting Defendant's assertion that a jury is precluded from considering the factors in § 13–3415.E. Indeed, the statute's reference to "a court or other authority" simply refers to the fact-finder that must determine whether a particular item is drug paraphernalia, and in this case, the fact-finder is the jury. Further, because the statute refers to "all ... logically relevant factors," Defendant's interpretation would require us to conclude the legislature intended to take from juries their basic function to determine a factual issue in drug paraphernalia cases. We cannot discern such an intent by the legislature. *See Commonwealth v. Jasmin*, 396 Mass. 653, 487 N.E.2d 1383, 1386–87 (1986) (concluding that "other authority" in statute similar to § 13–3415.E "includes a jury and that the jury, and not the judge, [is] to determine whether an item is drug paraphernalia").

¶ 12 Second, because the statute refers to prior convictions "relating" to a drug, Defendant's conviction for possession of equipment

or chemicals for the manufacture of dangerous drugs plainly falls within the ambit of § 13–3415.E.2. Defendant's assertion to the contrary is unpersuasive and not supported by authority.[4]

¶ 13 For these reasons, we find the trial court did not err in interpreting § 13–3415.E.2 to permit the jury to learn the nature of the 2004 Drug Conviction. Consequently, the court did not abuse its discretion in admitting the evidence. *Cf. State v. Wall*, 212 Ariz. 1, 3, ¶ 12, 126 P.3d 148, 150 (2006) ("An error of law committed in reaching a discretionary conclusion may ... constitute an abuse of discretion.").

**II.  Motion for Mistrial**

¶ 14 After Officer Scott testified regarding the circumstances of Defendant's arrest but specifically failed to say why he arrested Defendant, Officer Repp of the Cottonwood Police Department testified on direct that he responded to the convenience store parking lot. The testimony continued:

Q.  And during that time that you were at the Circle K, do you recall seeing the defendant, Mr. Doty, being searched?

A.  I do.

Q.  And what do you recall about that?

A.  Officer Scott was—had placed him under arrest for a warrant that—

Defense counsel: Your Honor, can we approach?

¶ 15 During the sidebar, Defendant moved for a mistrial based on Officer Repp's response that Defendant was arrested on a warrant. The court denied the motion[5] and immediately instructed the jury that Officer Repp's answer to the "last question" was stricken. The court also instructed the jury "to completely disregard that answer" and "not to consider it."

---

4.  Defendant also argues the court erred by not weighing the probative value of the name of the 2004 Drug Conviction against its potential to be unfairly prejudicial. The record, however, reflects that the court found the evidence admissible under Arizona Rule of Evidence 403. *See* Ariz. R. Evid. 403 (Evidence that is otherwise relevant is inadmissible "if its probative value is substantially outweighed by a danger of ... unfair prejudice."). To the extent Defendant argues the court abused its discretion in determining the 2004 Drug Conviction was admissible under Rule 403, we disagree, especially in light of the evidence's high degree of relevance in showing

Defendant possessed the partial hypodermic needle and syringe with the intent to use it unlawfully in a drug-related manner. *See* A.R.S. § 13–3415.A (describing criminal possession of drug paraphernalia). We give great deference to the trial court's balancing of probative value against unfair prejudice because it is in the best position to make that judgment. *State v. Harrison*, 195 Ariz. 28, 33, ¶ 21, 985 P.2d 513, 518 (App.1998), *aff'd*, 195 Ariz. 1, 985 P.2d 486 (1999).

5.  In denying the motion for a mistrial, the court noted that defense counsel's multiple questions

**506**

¶ 16 Defendant contends the court abused its discretion in denying the motion for mistrial. We find no error.

¶ 17 "When a witness unexpectedly volunteers an inadmissible statement, the remedy rests largely within the discretion of the trial court." *State v. Marshall*, 197 Ariz. 496, 500, ¶ 10, 4 P.3d 1039, 1043 (App.2000). In deciding whether to grant a motion for mistrial after inadmissible testimony is unexpectedly interjected, the trial court should consider "(1) whether the remarks called to the attention of the jurors matters that they would not be justified in considering in determining their verdict, and (2) the probability that the jurors, under the circumstances of the particular case, were influenced by the remarks." *State v. Stuard*, 176 Ariz. 589, 601, 863 P.2d 881, 893 (1993). We give great deference to the trial court's decision because the trial court "is in the best position to determine whether the evidence will actually affect the outcome of the trial." *State v. Jones*, 197 Ariz. 290, 304, ¶ 32, 4 P.3d 345, 359 (2000).

¶ 18 Although it may have been improper for Officer Repp to testify that Defendant was arrested on an outstanding warrant, *see State v. Smith*, 123 Ariz. 243, 250, 599 P.2d 199, 206 (1979), we cannot conclude that the remedial efforts taken by the court immediately following the statement were insufficient to cure the statement's possible prejudicial impact. In light of the other evidence of Defendant's guilt in this case and the court's instruction to the jury to disregard the statement, there is no evidence in the record that Officer Repp's statement materially influenced the jury. *See State v. Newell*, 212 Ariz. 389, 403, ¶ 68, 132 P.3d 833, 847 (2006) (jury is presumed to follow court's instructions). Accordingly, a mistrial was not necessary, and the court did not abuse its discretion in failing to grant one. *See State v. Correll*, 148 Ariz. 468, 476–77, 715 P.2d 721, 729–30 (1986) (concluding, under similar circumstances, that the trial court did not abuse its discretion in denying a motion for mistrial); *see also State v. Adamson*, 136 Ariz. 250, 262, 665 P.2d 972, 984 (1983) ("A

declaration of a mistrial is the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted.").

## CONCLUSION

¶ 19 For the foregoing reasons, Defendant's convictions and sentences are affirmed.

CONCURRING: ANDREW W. GOULD, Presiding Judge and MARGARET H. DOWNIE, Judge.

---

during Officer Scott's cross-examination regarding the basis for Defendant's arrest made the jury understand that the arrest was "for something other than the conduct in this case." The record bears out the court's observation.