NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

ALLAN DEAN DOTY, JR., *Petitioner.*

No. 1 CA-CR 13-0501 PRPC

FILED 2-3-2015

Petition for Review from the Superior Court in Yavapai County
No. V1300CR201180579
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED;**
**RELIEF GRANTED IN PART AND DENIED IN PART**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Bill R. Hughes
*Counsel for Respondent*

Allan Dean Doty, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined.

**T H U M M A,** Judge:

¶1        Petitioner Allan Dean Doty, Jr., seeks review of the superior court's order summarily dismissing his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2015).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's order. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19, 278 P.3d 1276, 1280 (2012). This court has considered the petition for review and, for the reasons stated, grants review and grants relief in part and denies relief in part.

¶2        A jury convicted Doty of one count of possession of methamphetamine and two counts of possession of drug paraphernalia. The superior court sentenced him to an aggregate term of eight years' imprisonment. Doty's convictions and sentences were affirmed on direct appeal. *State v. Doty*, 232 Ariz. 502, 307 P.3d 69 (App. 2013). Doty now seeks review of the summary dismissal of his first petition for post-conviction relief. This court has jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        Doty's petition for review presents several claims of ineffective assistance of trial counsel. To state a colorable ineffective assistance of counsel claim, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

¶4        Doty's defense at trial was that the contraband police found in his pants pocket was not his. Doty claimed that minutes before his arrest, he purchased the pants at Goodwill and put them on without realizing there was contraband in one of the pockets. Doty first argues his trial counsel was ineffective by failing to interview the Goodwill salesperson and/or otherwise investigate Goodwill and discover that Goodwill frequently sells clothing that contains illegal drugs and/or drug paraphernalia. This court rejects this claim. Doty does not identify any specific person his counsel should have interviewed and does not provide an affidavit from that person or otherwise identify what information that person could have provided. He has, therefore, failed to present a colorable claim of ineffective assistance based on the failure to interview a witness or call that witness to testify. *See State v. Borbon*, 146 Ariz. 392, 399, 706 P.2d 718, 725 (1985). In addition, Doty only offers speculation that Goodwill

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

stores generally, or this store in particular, sell clothing that contains contraband. Such speculation is not sufficient to present a colorable claim of ineffective assistance based on a failure to sufficiently investigate.

¶5        Doty next argues his trial counsel was ineffective when he failed to call Doty's mother-in-law and father-in-law to testify that Doty bought the pants at Goodwill shortly before his arrest and the contraband was not his. This court rejects this claim. "[T]he decision as to what witnesses to call is a tactical, strategic decision" that rests squarely with trial counsel. *State v. Lee*, 142 Ariz. 210, 215, 689 P.2d 153, 158 (1984) (citing authority). Trial counsel's strategic decisions, even if fruitless, do not amount to ineffective assistance of counsel. *See State v. Santanna*, 153 Ariz. 147, 149, 735 P.2d 757, 759 (1987). In addition, any such testimony would have been cumulative. Both Doty and his wife testified Doty bought the pants at Goodwill and put them on minutes before his arrest, and that the contraband must have already been in the pocket. Finally, the affidavits of Doty's in-laws contradict the trial testimony of Doty and his wife. Doty's in-laws declare that they remained in their vehicle outside the Goodwill store while Doty was inside buying his pants. Doty and his wife both testified at trial that his in-laws dropped off Doty and his wife, left in their vehicle and returned later. The failure to call defense witnesses who would contradict other defense witnesses is not ineffective assistance.

¶6        Finally, Doty argues his counsel was ineffective when he failed to timely inform Doty of a second plea offer before the offer expired or the State otherwise withdrew the offer. The State made the second offer sometime on or before February 21, 2012. That offer was more favorable than a later plea offer that Doty rejected. Doty argues he would have accepted the second offer had counsel informed him of it in a timely manner.

¶7        As set forth recently by the United States Supreme Court,

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial

3

court refusing to accept it, if they had the
authority to exercise that discretion under state
law. To establish prejudice in this instance, it is
necessary to show a reasonable probability that
the end result of the criminal process would
have been more favorable by reason of a plea to
a lesser charge or a sentence of less prison time.

*Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (citation omitted).

¶8 Under this standard, Doty has presented a colorable claim
that counsel was ineffective by failing to timely inform him of the second
plea offer. The State does not direct the court to any portion of the record
that establishes counsel timely informed Doty of the plea offer or that Doty
was otherwise aware of the offer and its terms at a time when he could
accept it. Although Doty indicates he was orally informed of the offer at
some point, this court's review of the record does not establish that Doty
knew of the offer in a timely fashion. The State does not provide an affidavit
or other record evidence that Doty was timely informed of the second offer.

¶9 The record does show that the State made a second plea offer
to Doty's counsel. The State and defense counsel referenced the second offer
at a subsequent pretrial hearing on an unrelated issue in July 2012. By that
time, however, the second offer had expired. The State explained at the
hearing that it made the second offer in part because the first plea offer
contained errors and because a new prosecutor thought the first offer was
too lenient. The second offer was less favorable to Doty, but also contained
the same errors as the first offer. It was defense counsel who informed the
State that the second offer contained the same errors as the first offer. There
is nothing in the record to suggest what happened after the errors were
discovered, other than the offer was not accepted and expired.

¶10 The State claims in its response that it informed Doty of the
second offer at a pretrial hearing on February 21, 2012. The minute entry
from that pretrial hearing, however, contains the handwritten notation,
"State is *willing* to make an offer. Defendant requests an opportunity *to
receive [and] review the offer*." (Emphasis added.) This does not establish the
State actually made an offer at the hearing, or that defense counsel ever
informed Doty of the offer. Moreover, the record contains no transcript
from the hearing. At the pretrial hearing in July 2012, the State claimed it
made the second offer to Doty's *counsel* at the hearing on February 21, 2012,
and that "he" wanted to think about it for two to three weeks,
representations Doty's counsel did not contest at that time. While this may

show that Doty's counsel received the offer on February 21, 2012, it does not establish that Doty's counsel informed Doty of the offer in a timely fashion and, on this record, this court will not assume that counsel did so.

¶11 Finally, there is nothing in the record to suggest the State would have ultimately revoked the offer or the court would have ultimately refused to accept it even though the offer contained errors regarding Doty's prior felony convictions. It is not uncommon to see corrections and changes made to plea agreements during the negotiating process and even at change of plea hearings. This includes handwritten changes and corrections to the number of prior felony convictions or other information regarding those convictions. It is also common to see agreements between the parties to limit the number of prior convictions the State will allege for purposes of sentence enhancement, regardless of the number of prior convictions the defendant has accumulated.

¶12 In short, Doty presented a colorable claim that his counsel was ineffective by not informing Doty of the offer, meaning he is entitled to an evidentiary hearing. *See State v. D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988). Accordingly, without expressing any view on the merits of the claim, this court grants review and grants relief on Doty's claim that counsel was ineffective by failing to timely inform Doty of the second plea offer and remands to the superior court for proceedings consistent with this memorandum decision. This court denies relief on all other claims.



Ruth A. Willingham · Clerk of the Court
FILED: ama