NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER SCOTT LIEDER, *Appellant.*

No. 1 CA-CR 15-0603
FILED 8-25-2016

———————————————

Appeal from the Superior Court in Mohave County
No. S8015CR201400900
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

———————————————

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Office of the Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Lawrence F. Winthrop joined.

---

**H O W E**, Judge:

¶1        Christopher Scott Lieder appeals his convictions and sentences for burglary and theft of means of transportation, arguing that the trial court erroneously permitted the State to impeach him with two prior convictions. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In June 2014, two Kingman homeowners contacted police to report that a motorcycle was missing from their backyard. When officers arrived and asked the homeowners if they knew who may have stolen the motorcycle, the homeowners stated that Lieder, their son, may have done so. Based on this information, the officers went to Lieder's last reported address. Once there, one officer saw a motorcycle matching the description the homeowners provided. The homeowners met the officers at Lieder's home and confirmed that the motorcycle was the one missing from their backyard. The State then charged Lieder with one count of burglary in the third degree and one count of theft of means of transportation.

¶3        Before Lieder's July 2015 jury trial, the State moved to add allegations of two prior convictions from 2005 for forgery and theft to the indictment as aggravating circumstances. Lieder subsequently moved to preclude the State from using those convictions for impeachment purposes under Arizona Rule of Evidence 609, which governs the admissibility of prior convictions to attack a witness's credibility. Lieder argued that the prior convictions could not be used for impeachment because they were four months over the 10-year limit of Rule 609 and their use would prejudice him. The State objected, arguing that although the trial would be held 10 years and four months after Lieder's March 2005 release from confinement for those offenses, the probative value of the forgery and theft convictions on Lieder's credibility outweighed any potential prejudice. The State also anticipated that Lieder would testify that he had permission to take the motorcycle and did not steal it. Because Lieder's mother was expected to testify that Lieder did not have permission to take the

motorcycle, the State argued that Lieder's credibility would be central to this case.

¶4 After oral argument, the court denied Lieder's motion. In doing so, the court agreed with the State that Lieder's credibility was "critical to the issues . . . that the jury ha[d] to decide." The trial court stated that it took into account several factors, including the impeachment value of the prior crimes, the date of the convictions and Lieder's subsequent history, the similarity between the past crimes and present charges, the importance of Lieder's testimony, and the centrality of Lieder's credibility. Specifically, the court noted that because the current charges involved theft, Lieder's testimony on whether he had permission to take the motorcycle would be important. The court also found that the prior convictions were for crimes similar to the present charges because they were "theft-related, property crime-related offenses." The court further considered that because the prior convictions fell only a few months past the 10-year limitation, and not years, they were still relevant to Lieder's credibility.

¶5 Although the court allowed the prior convictions to be used for impeachment because Lieder's testimony and his credibility were central to the case, it sanitized the nature of the convictions to minimize their prejudicial effect. The court stated that because the past crimes and present charges were so similar, allowing the jury to hear the nature of the convictions "would simply be highly prejudicial . . . and the ruboff [sic] effect certainly speaks for itself."

¶6 Lieder testified at trial. He admitted that he took the motorcycle from his parents' house, but stated that he did so with his mother's permission because they agreed he would clean the motorcycle. Lieder further stated that his mother led him onto the property to get the motorcycle and helped him retrieve it from the backyard. On cross-examination, the State asked Lieder about the two prior felony convictions, to which Lieder admitted. The jury ultimately convicted Lieder on both counts. The trial court sentenced Lieder to concurrent, mitigated terms of 3 years' imprisonment for the burglary charge and 4.5 years' imprisonment for the theft charge, applying 38 days' presentence incarceration credit to each. Lieder timely appealed.

## DISCUSSION

¶7 Lieder argues that the trial court erred by allowing the State to impeach him with his two 2005 convictions pursuant to Rule 609(b). We review the trial court's admission of prior convictions for an abuse of

discretion. *State v. Beasley*, 205 Ariz. 334, 338 ¶ 19, 70 P.3d 463, 467 (App. 2003). The trial court is in the best position to balance the probative value of challenged evidence against the potential for unfair prejudice. *State v. Doty*, 232 Ariz. 502, 505 ¶ 12 n.4, 307 P.3d 69, 72 n.4 (App. 2013). An abuse of discretion is "an exercise which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *State v. Wassenaar*, 215 Ariz. 565, 570 ¶ 11, 161 P.3d 608, 613 (App. 2007). Because the record supports the trial court's admission of the prior convictions, the court did not err.

¶8 Arizona Rule of Evidence 609(a) permits the admission of prior convictions to attack a witness's credibility in certain circumstances when their probative value outweighs the prejudicial effect. However, as past convictions become older, their probative value on credibility decreases. *State v. Green*, 200 Ariz. 496, 498 ¶ 9, 29 P.3d 271, 273 (2001). Consequently, if more than 10 years have passed between the conviction or release from confinement and the date of the trial, Rule 609(b) permits the conviction's admission only if "its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect." Ariz. R. Evid. 609(b) (emphasis added); *see also State v. Noble*, 126 Ariz. 41, 43, 612 P.2d 497, 499 (1980) (applying Rule 609(b) because more than 10 years had passed between the prior conviction and the current case's trial date). Because more than 10 years had passed between Lieder's March 2005 release from confinement and his July 2015 trial for the present offenses, the prior convictions were admissible only if this higher standard was met.

¶9 In determining whether a prior conviction's probative value substantially outweighs its prejudicial effect, the trial court should consider, among other factors, the impeachment value of the prior convictions, the remoteness of the conviction, the similarity between the past crime and present charges, the importance of the defendant's testimony, and the centrality of the witness's credibility. *Green*, 200 Ariz. at 499 ¶¶ 12–13, 29 P.3d at 274. The trial court should disclose on the record the specific facts and circumstances supporting its admissibility ruling. *Id.* at 498 ¶ 9, 29 P.3d at 273. Explicit findings are preferable but not necessary when the basis of the trial court's ruling appears in the record. *Beasley*, 205 Ariz. at 339 ¶ 25, 70 P.3d at 468.

¶10 The trial court did not abuse its discretion by allowing the State to impeach Lieder with the two prior convictions. The trial court stated on the record that the probative value of the prior convictions outweighed their prejudicial effect. In reaching its decision, the trial court, contrary to Lieder's argument, took several relevant factors into consideration. *Cf. Green*, 200 Ariz. at 499 ¶ 14, 29 P.3d at 274 (providing that

centrality of credibility, alone, does not substantially outweigh the prejudicial effect of admitting prior convictions). The trial court first considered the centrality of Lieder's credibility in the case. The court noted that if Lieder elected to testify, his credibility would be critical to the case because his defense was that he had permission to take the motorcycle. Given that the State accused Lieder of stealing the motorcycle, if the jury found Lieder and his testimony credible, it would find him not guilty of the charges. Because Lieder's testimony was central to the case, the trial court also found that the convictions' impeachment value was "very high" and that Lieder's testimony was "very important" to the case. The court next considered that the past crimes and present charges were similar in that they were "theft-related, property crime-related offenses." Additionally, the trial court stated that although the crimes were older than 10 years at the time of trial, they were only so by four months as opposed to several years. The court thus found that despite their remoteness, the convictions still had relevant probative value to the present case. Finally, the court limited potential prejudice by sanitizing the nature of the convictions. Accordingly, because the record supports their admission, the trial court did not err by permitting the State to impeach Lieder with the two prior convictions.

**CONCLUSION**

¶11        For the foregoing reasons, we affirm.



Amy M. Wood • Clerk of the court
FILED:   AA

5