NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROLAND DEWAYNE MCDONALD, *Appellant.*

No. 1 CA-CR 17-0445
FILED 10-4-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-144817-001
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Stephen M. Johnson, Attorney at Law, Phoenix
By Stephen M. Johnson
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

## MEMORANDUM DECISION

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge James B. Morse Jr. and Chief Judge Samuel A. Thumma joined.

B E E N E, Judge:

¶1        After having been found guilty of three felony offenses, Roland McDonald ("McDonald") argues that the superior court abused its discretion by denying his motion for mistrial after a police officer testified about inadmissible evidence.  For the reasons stated below, we affirm the superior court's denial of McDonald's motion for mistrial.

## FACTS AND PROCEDURAL HISTORY

¶2        McDonald was convicted of attempted second degree murder, a class 2 dangerous felony, aggravated assault, a class 3 dangerous felony, and misconduct involving weapons, a class 4 dangerous felony.  The convictions relate to a shooting on August 22, 2016, when McDonald approached D.F. and R.G. in a convenience store parking lot. McDonald pulled a small semi-automatic weapon from his pocket, pointed it at D.F., and fired multiple times, leaving a bullet permanently lodged in D.F.'s back.  The three individuals knew each other previously, and McDonald and D.F. had recently experienced a "falling out."   Two additional witnesses were present near the shooting and testified at trial: W.K., a "sign spinner,"[1] who was working nearby, and J.S., a friend of McDonald.

¶3        D.F., R.G. and J.S. each identified "Cash" or "Cash Flow" as the shooter.  W.K. testified that an African-American man riding a distinctive red bike was the shooter.[2]  Police later determined "Cash Flow" to be McDonald, based on other, unrelated investigations.  Before trial, McDonald moved for and the superior court granted an unopposed motion *in limine* to exclude testimony regarding these other police investigations.  At trial, however, McDonald's counsel elicited testimony from a police

---

[1]     A "sign spinner" is a person who advertises for a business by standing outside a business spinning a large sign to attract the attention of passersby.  *See generally, City of Scottsdale v. State*, 237 Ariz. 467 (App. 2015).

[2]     McDonald is African-American and known to ride a red bike.

officer during cross-examination that briefly referenced McDonald's involvement in the other investigations. McDonald moved for a mistrial, which the court denied. The court did, however, strike the testimony and told the jury that the testimony was stricken and that both the question and the answer are "to be disregarded entirely by the jury."

¶4        The jury found McDonald guilty on all three counts, resulting in a twenty-year prison sentence. McDonald timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶5        We review the denial of a motion for mistrial for abuse of discretion. *State v. Miller*, 234 Ariz. 31, 40, ¶ 23 (2013). Because "a declaration of a mistrial is the most dramatic remedy for trial error," it should be granted "only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted." *State v. Adamson*, 136 Ariz. 250, 262-63 (1983).

¶6        In granting the motion *in limine*, the superior court precluded testimony of police investigations involving McDonald that were unrelated to the shooting. On cross examination, however, defense counsel repeatedly inquired as to how Sergeant Angel Romo was able to identify McDonald as "Cash Flow." When the witness indicated he did not understand a question, the following exchange took place:

> Q. I believe you indicated earlier that this was like a two-week investigation, correct?
>
> A. Yeah, just -- I don't think I was asked directly. But over several months in my specific area of town that I was responsible for, my officers had -- we continued to review – part of our responsibilities is to do followup on major crimes if we can and assist case agents in various different types of crime.
>
> The name Cash Flow was just a reoccurring name that we kept hearing, and there were two or three cases specifically that we believed he was directly involved. So the name Cash Flow, at least in my involvement, as early as April of 2016 up until September, kept hearing the name. And we had the

description, the description of the bike. So the physical description was well known not only to me but to my officers.

¶7            After this testimony, defense counsel moved for a mistrial stating:

This officer has now divulged to the jury that Cash Flow was involved in a number of investigations over a several-month period, and that information specifically precluded based on motion in limine, no mention of other investigations could be put forth before this jury and now they have heard that he was the subject of multiple different investigations.

¶8            "When a witness unexpectedly volunteers an inadmissible statement, the remedy rests largely within the discretion of the trial court." *State v. Doty*, 232 Ariz. 502, 506, ¶ 17 (App. 2013).

In deciding whether to grant a motion for mistrial after inadmissible testimony is unexpectedly interjected, the trial court should consider (1) whether the remarks called to the attention of the jurors matters that they would not be justified in considering in determining their verdict, and (2) the probability that the jurors, under the circumstances of the particular case, were influenced by the remarks. We give great deference to the trial court's decision because the trial court is in the best position to determine whether the evidence will actually affect the outcome of the trial.

*Id.* (internal quotation marks and citations omitted).

¶9            Although it may have been improper for Romo to testify about unrelated investigations regarding McDonald,[3] the superior court struck defense counsel's question and the officer's answer and instructed the jury to disregard both. Because we assume that jurors follow the court's instructions, we cannot conclude that the corrective action taken by the superior court was insufficient to cure the possible prejudicial impact of the officer's testimony. *See State v. Goudeau*, 239 Ariz. 421, 450, ¶ 95 (2016) (jury is presumed to follow court's instructions).

---

[3]      The court granted McDonald's motion *in limine* precluding statements made in reports by three police officers. Sergeant Romo was not one of the officers listed in McDonald's motion to preclude.

¶10      Moreover, the jury heard other testimony establishing McDonald's guilt, specifically, testimony by D.F., who saw the shooter "face to face" and "who knows the guy that shot him," as well as from R.G., an eyewitness to the shooting, who also knew McDonald.  Accordingly, a mistrial was not necessary, and the superior court did not abuse its discretion in failing to grant McDonald's request.  *See State v. Maximo*, 170 Ariz. 94, 99 (App. 1991) ("Here, there was overwhelming evidence of appellant's guilt and an adequate instruction to the jury to disregard the remarks. We find no abuse of discretion in denying the motion for a mistrial.").

**CONCLUSION**

¶11    For the foregoing reasons, McDonald's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA