52390. THOMAS v. THE STATE.

WEBB, Judge.

Rachael Thomas and her grandson were jointly indicted for "possessing a controlled substance." The grandson entered a plea of nolo contendere and was sentenced to three years on each count, two to be served in prison and one under supervised probation. The grandmother went to trial, was found guilty and sentenced. Her grandson testified as one of her witnesses, and admitted that on the night of arrest of both parties he had some drugs in his possession and they were his. This

accused denied that she possessed drugs, but officers testified they removed the evidence from her hand.

After the verdict of guilty against this 62-year-old grandmother, but before sentence, her counsel moved for a mistrial because the indictment, which he had not seen until then, had been with the jury during its deliberations. The motion was denied.

The accused's contention of error is that the entries on the back side of the indictment, which indicated the co-defendant's plea of nolo contendere and his sentence, should have been masked. Interestingly, it was not until after the verdict that the accused's counsel signed the indictment, indicating waiver of arraignment and a plea of not guilty.

"Every person charged with an offense against the laws shall be furnished, on demand, previously to his arraignment, with a copy of the accusation. . ." Code Ann. § 27-1403 (Const., Art. I, Sec. I, Par. V.). It is imperative thereunder that the accused make demand before arraignment upon the district attorney or an assistant district attorney. *Page v. State,* 237 Ga. 20. The instant trial proceeded from voir dire through examination of thirteen witnesses, argument and charge of the court and defendant never demanded a copy of the indictment. A party can not during the trial ignore what he overlooks or thinks may be an injustice, take his chance on a favorable verdict, and complain later. *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221).

Even so, however, the accused, her grandson as her witness having admitted his own possession of controlled drugs, could not have been harmed by the entries of his plea and sentence on the joint indictment.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED JULY 14, 1976 — DECIDED SEPTEMBER 7, 1976.

*Elkins & Flournoy, James A. Elkins, Thomas M. Flournoy, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, J. Gray*

*Conger, Assistant District Attorney,* for appellee.