## 59898. GARCIA v. THE STATE.

BANKE, Judge.
Oswaldo and Joy Garcia were jointly indicted for possession of more than one ounce of marijuana following a search of what was allegedly their residence. Joy entered a guilty plea, and Oswaldo was found guilty by a jury. He now appeals, enumerating as error the trial court's refusal to allow him to introduce Joy's guilty plea as evidence that it was she, not he, who was in possession of the marijuana. He also contends that there was insufficient evidence to support a jury

charge on actual or constructive possession. *Held:*

1. The trial court did not err in refusing to admit Joy's guilty plea into evidence. Although the United States Supreme Court in Green v. Georgia, 442 U. S. 95 (99 SC 2150, 60 LE2d 738) (1979), recently held that a defendant may not be prevented from introducing evidence of a co-defendant's confession where substantial reasons exist to assume its reliability and where the confession is highly relevant to a central issue in the case, the relevance of Joy's admission of guilt was never demonstrated at trial. The appellant and his wife were charged with joint possession; and, since two or more persons may be convicted of possession of the same contraband, there is nothing about Joy's guilty plea which is on its face inconsistent with the case against Oswaldo. Accord, *Thomas v. State,* 139 Ga. App. 467 (228 SE2d 604) (1976); *Westley v. State,* 143 Ga. App. 344 (3) (238 SE2d 701) (1977). In the absence of any evidence which would tend to show that Joy was in sole possession of the marijuana, her guilty plea was therefore properly excluded.

2. The appellant's contention that there was insufficient evidence to support a charge on possession apparently translates into a contention that the verdict was not supported by the evidence. To prove that the appellant resided at the house where the marijuana was found, the state introduced into evidence the following: an application for electrical service submitted in his and Joy's name and purportedly signed by him; a removal order on the same account dated subsequent to the arrest; a refund check from the company, made out to him and purportedly endorsed by him, testimony that a van meeting the same description as one found at his place of work on the day of his arrest was seen at the residence on the previous day; and testimony that he told police that he lived at the address in question when being booked. The appellant attacks the latter admission on the ground that it was an inculpatory response to police questioning made without benefit of Miranda warnings at a time when he was under illegal arrest. Pretermitting consideration of these issues, however, we find that the other evidence introduced by the state was sufficient to support an inference that the appellant resided in the house. The fact that the state did not prove that the signatures on the power company documents were actually his is irrelevant, since the authenticity of his signature was not, strictly speaking, relevant to the purpose for which the items were admitted, i.e., to show that someone by the name of Oswaldo Garcia had requested and was receiving electrical service for the residence on the date the contraband was found there. This evidence, along with the testimony regarding the van, was sufficient to create a rebuttable inference that the appellant was in possession of the premises on the

date in question; and there was no evidence to indicate that anyone other than he and his wife Joy had access to the house. The enumeration of error as framed is accordingly without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED MAY 7, 1980 — DECIDED JULY 9, 1980 —
REHEARING DENIED JULY 29, 1980 —

*William E. Glisson,* for appellant.
*Stephen A. Williams, District Attorney, Patricia J. Craft, Marcus R. Morris, Assistant District Attorneys,* for appellee.