641 P.2d 1315

The STATE of Arizona, Appellee,

v.

Rosario M. CORRALES, Appellant.

No. 2 CA–CR 2371.

Court of Appeals of Arizona, Division 2.

Feb. 17, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Stephen C. Villarreal, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

Appellant was convicted of theft of property with a value in excess of $100, a class 4 felony, and was sentenced to two years probation. In this appeal she contends that the trial court erred in refusing to take judicial notice and inform the jury of her co-defendants' guilty pleas. She also contends that the evidence was insufficient to establish the value of the stolen property.

Appellant was one of three persons arrested after the burglary of a Tucson residence. She put on no evidence in her defense, but contended that the state had failed to prove her knowing involvement in the crime, as opposed to her mere presence at its commission. Apparently believing that the guilt of her co-defendants, who both had entered guilty pleas, would somehow indicate that she had not knowingly participated in the crime, she asked the court to take judicial notice of those pleas and so inform the jury. The court did not err in refusing to do so.

Although Rule 201, Arizona Rules of Evidence, 17A A.R.S., contains no express requirement that judicially noticed facts be relevant, it is ludicrous to suggest otherwise. Facts judicially noticed become evidence in the case, and are therefore subject to the requirement of relevance embodied in Rule 402. It is well established that evidence of a co-defendant's guilty plea is not relevant to the issue of the accused's guilt or innocence. e.g., *State v. Fendler*, 127 Ariz. 464, 622 P.2d 23 (App.1980). Although *Fendler* dealt specifically with the use of such evidence by the state to prove guilt, the reason for the stated rule is that the co-defendant's guilt does not make the accused's guilt "more probable or less probable," Rule 401, Rules of Evidence, 17A A.R.S. Such evidence is no more relevant when offered by the accused on the issue of guilt or innocence than when it is offered by the state on the same issue, and is properly excluded. *Jefferson v. State*, 399 N.E.2d 816 (Ind.App.1980); *Garcia v. State*, 155 Ga.App. 445, 271 S.E.2d 13 (1980); *Rodriquez v. State*, 552 S.W.2d 451 (Tex.Cr. App.1977).

The items alleged to have been stolen included two television sets, a radio, a vacuum cleaner, a violin, an electric shaver, a clock, and some jewelry. The owner of these items did not testify at trial. There was no testimony as to the value of these items or their condition. Photographs admitted into evidence did show that the clock was stopped at the very hour of the crime. This supports an inference that the clock worked but reveals little about its value. As to the other items, the photographs show even less. They do not even show the jewelry. Those items shown appear to have no great amount of exterior damage, but obviously are not new. It is impossible to tell from the photographs whether any of those items is a working device or a piece of virtually worthless junk. *State v. Blankenship*, 127 Ariz. 507, 622 P.2d 66 (App.1980) is therefore readily distinguishable, since in that case there was clear evidence that the stolen pickup truck was a working machine.

Addressing this issue below, the trial court opined that the jury could infer that a reasonable person would not keep all of these items inside a house unless some of them worked. Common experience informs us, however, that such an inference is suspect, at best, and far too tenuous to support a conviction where the value of the property was required to be proven beyond a reasonable doubt. We therefore agree with appellant that the evidence was insufficient to establish the value of the property.

Since the evidence does establish that the stolen items had some value, the judgment is modified to reflect a conviction for theft as a class 1 misdemeanor, under A.R.S. § 13–1802(c). *See State v. Eliason*, 25 Ariz. App. 523, 544 P.2d 1124 (1976); *State v. Blankenship, supra.* The sentence is vacated and the case remanded for sentencing on a conviction for misdemeanor theft. In all other respects, the conviction is affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.