10 P.3d 1211

**In re: SABINO R.**

**No. 1 CA–JV 00–0019.**

Court of Appeals of Arizona, Division 1, Department E.

Sept. 26, 2000.

Review Denied Feb. 13, 2001.

---

Richard M. Romley, Maricopa County Attorney By E. Catherine Leisch, Deputy County Attorney, Phoenix, Attorneys for Appellee.

Dean W. Trebesch, Public Defender By Joel M. Glynn, Deputy Public Defender Attorneys, Phoenix, for Appellant.

## OPINION

EHRLICH, Judge.

¶ 1 Sabino R. was adjudicated delinquent for aggravated assault and underage consumption of alcohol. The only issue on appeal is whether there was sufficient evidence that he was underage while consuming alcohol.

¶ 2 Sabino, testifying on his own behalf, admitted drinking alcohol the evening in question, and there seemed to be no question regarding his age. Not only was this case proceeding in juvenile court without objection, but, in closing argument, his counsel said: "Sabino's 15." However, no specific evidence was offered by the State to establish that Sabino was under the age of 21 in order to prove him delinquent for consumption of alcohol by a minor. ARIZ.REV.STAT. ("A.R.S.") §§ 4–101, 4–244(9).

¶ 3 The State asks this court to take judicial notice of the fact that Sabino is younger than 21 years of age. It points out that, at the time, Sabino was on juvenile probation and that the juvenile court's files contain proof of Sabino's birth-date from his prior disposition report.

¶ 4 Arizona Rule of Evidence ("Rule") 201 states that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Further, the rule allows this court to take judicial notice of anything of which the trial court could take notice, even if the trial court was never asked to take notice. *See State v. McGuire,* 124 Ariz. 64, 65, 601 P.2d 1348, 1349 (App.1978). It is proper for a court to take judicial notice of its own records or those of another action tried in the same court. *See State v. Rushing,* 156 Ariz. 1, 4, 749 P.2d 910, 913 (1988); *State v. Camino,* 118 Ariz. 89, 90, 574 P.2d 1308, 1309 (1977); *State v. Astorga,* 26 Ariz.App. 260, 261 n. 1, 547 P.2d 1060, 1061 n. 1 (1976).

¶ 5 The juvenile court could have taken judicial notice of its files, which contain Sabino's birth-date, and thus have found him to be under age 21. Since the juvenile court could have taken judicial notice that Sabino was under 21 years old, this court can take such notice, and we therefore do take judicial notice that Sabino was under the age of 21.

¶ 6 The cases that Sabino cites are not at odds with this resolution. Those cases concern the procedures necessary for ensuring that reliable evidence is introduced when a party is attempting to prove a prior conviction in order to establish an aggravating factor at sentencing. *See Rushing,* 156 Ariz. at 4, 749 P.2d at 914; *State v. Lee,* 114 Ariz. 101, 105–06, 559 P.2d 657, 661–61 (1976); *State v. Terrell,* 156 Ariz. 499, 503, 753 P.2d 189, 193 (App.1988).

¶ 7 The adjudication of delinquency for consumption of alcohol by a minor is affirmed.

CONCURRING: WILLIAM F. GARBARINO, Judge, and RUDOLPH J. GERBER, Judge.