NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

STATE OF ARIZONA, *Appellee,*

*v.*

IVAN ERNESTO ESKIVEL, *Appellant.*

No. 1 CA-CR 13-0495
FILED 07-24-2014

———————————————

Appeal from the Superior Court in Maricopa County
No. CR2012-005669-001
The Honorable Robert E. Miles, Judge

**AFFIRMED AS MODIFIED**

———————————————

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kathryn L. Petroff
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Randall M. Howe joined.

---

**K E S S L E R**, Judge:

¶1         Appellant Ivan Ernesto Eskivel appeals his award of 447 days' presentence incarceration credit in connection with concurrent sentences of two and one half years' incarceration for pleading guilty to misconduct involving weapons, and a natural life sentence imposed after a jury found him guilty of first degree murder.  Eskivel claims that he is entitled to three more days of presentence incarceration credit and thus should have been awarded 450 days' credit.  The State does not cross-appeal, but argues that the award of 447 days' credit should be affirmed because Eskivel is only entitled to 431 days' credit and therefore he cannot prove fundamental error.  For the following reasons we affirm, but modify Eskivel's award of presentence incarceration credit to reflect one additional day of presentence incarceration credit for a total of 448 days.

### FACTUAL AND PROCEDURAL HISTORY

¶2         Within an hour of a fatal shooting in a Home Depot parking lot, police located a car on the freeway that was suspected to be involved in the shooting.  After exiting the freeway, the car crashed into a truck.  Eskivel was in the car with a gun and police took him into custody.  Eskivel was handcuffed and taken to a nearby area where multiple witnesses to the shooting drove by in a police car in an attempt to identify Eskivel.  The testimony in this case and most of the records in this case clearly show that the above events occurred on March 29, 2012.  In

addition, the records in the first complaint brought against Eskivel for the above incident confirm that the above events occurred on March 29, 2012.[1]

¶3 Later that evening at the Mesa police station, Eskivel was placed in an interview room around 8:15 p.m., for approximately three hours, where he was fingerprinted, photographed, and his clothes were confiscated. At around 10:00 p.m., Eskivel was read his rights and interviewed for about thirty minutes by Officer B about the Home Depot shooting, and the owner of the car and the gun. Near the end of the interview, Officer B told Eskivel that he would be booked into jail and would go to court the next day on the charges of aggravated assault and being a prohibited possessor of a gun. The video that recorded all of this is about three hours long.

¶4 Following the dismissal of the other related case based on these incidents, a "release questionnaire" from the San Tan Justice Court was filed reflecting that Eskivel was arrested for the instant offenses on April 16, 2012, at the Lower Buckeye Jail. That questionnaire was contradicted by the Court Information Sheet attached to the complaint in this matter, which reflects that Eskivel had been in custody since March 28 and a later pretrial services document stating he had been in custody since March 30. After pleading guilty to misconduct involving weapons and being convicted by a jury of first degree murder, the court sentenced Eskivel on June 21, 2013, giving him 447 days' presentence incarceration credit. Eskivel timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003), 13-4031 (2010) and 13-4033(A)(1) (2010).

---

[1] We take judicial notice of the record in Maricopa County Superior Court case number CR2012-117391-001 reflecting related criminal charges filed against Eskivel, before the charges in the instant matter were brought. We can take judicial notice of the record in related cases. *See In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4, 10 P.3d 1211, 1212 (App. 2000) ("It is proper for a court to take judicial notice of its own records or those of another action tried in the same court," and an appellate court may "take judicial notice of anything of which the trial court could take notice, even if the trial court was never asked to take notice."). Those charges were dismissed once the direct complaint for murder and weapons violations in this case were brought.

## DISCUSSION

### I.     The record reflects that the instant offenses occurred on March 29, 2012.

**¶5**        Eskivel argues he is entitled to 450 days' presentence incarceration credit because "[t]he record reveals that [he] was taken into the custody of the San [T]an Justice Court at approximately 5:30 p.m. on March 28, 2012," and that he was held without bond until his sentences began on June 21, 2013.   The State argues that "[a]lthough [Eskivel] committed the offense[s] on the afternoon of March 28, 2012, he was not *arrested* on the offense[s] (booked) until April 16, 2012, at the 'Lower Buckeye Jail.'"   The only citation to the record to support the parties' statements is the above referenced release questionnaire which does not reflect the date March 28, but rather March 29.

**¶6**        Although both parties mistakenly refer to the offense and above-described events as occurring on March 28, 2012, as shown above, the crime did not occur until March 29, 2012.

### II.    The record reflects that Eskivel was arrested and taken into police custody on March 29, 2012, and was "in custody" for purposes of presentence incarceration credit for the instant offenses beginning March 30, 2012.

**¶7**        The record reflects that on the day of the instant offenses, after the car crash and one man show ups, Eskivel was transported to the police station and interviewed by police regarding the Home Depot shooting.  During the interview at the police station an officer informed Eskivel that he was going to be booked into jail and go to court the next day, March 30, 2012, for aggravated assault and prohibited possessor charges.  This corresponds with the superior court's determination that Eskivel was arrested and in police custody beginning March 29, 2012.

**¶8**        A defendant is entitled to "[a]ll time actually spent in custody pursuant to an offense" until sentenced to imprisonment, A.R.S. § 13-712(B) (2010), and custody is "equated with incarceration in a jail or prison and not merely with the substantial restraint of freedom which is commensurate with an arrest or detention," *State v. Reynolds*, 170 Ariz. 233, 234-35, 823 P.2d 681, 682-83 (1992) (quoting *State v. Cereceres*, 166 Ariz. 14, 15, 800 P.2d 1, 2 (App. 1990)).  Thus, we have stated, "for purposes of presentence incarceration credit, 'custody' begins when a defendant is booked into a detention facility." *State v. Carnegie*, 174 Ariz. 452, 453-54, 850 P.2d 690, 691-92 (App. 1993).

¶9 As described above, the record reflects that the earliest Eskivel's interview was complete was after 11:00 p.m. on March 29. There is nothing in the record to suggest that he was booked into a qualifying detention facility, earlier than March 30, 2012. In addition, the county pretrial service agency indicated Eskivel was "[i]n custody since 3-30-12." This "in custody" date is also consistent with the presentence incarceration report the superior court considered when sentencing Eskivel.

¶10 The State maintains that Eskivel was not in custody for the instant offenses until April 16, 2012, the day he was booked into the Lower Buckeye Jail. To support its contention, the State relies on Eskivel's release questionnaire from the San Tan Justice Court which notes that Eskivel is a three-time deported felon and illegally in the United States.

¶11 This reference in the record appears to be background biographical information and does not indicate in any way that Eskivel was involved in proceedings related to the status of his presence in the U.S. Nor does a document prepared by the county pretrial services agency that has a checkmark next to the words "immigration hold" under the "unusual circumstances" category. These documents, despite the described references do not support that Eskivel was in custody for his status to be in the country, particularly in light of the record evidence supporting that he was in custody for the instant offense as of March 30, 2012. The State never raised its objection or advanced its current argument before the superior court. The record supports that Eskivel was in custody for purposes of presentence incarceration credit for the current offenses starting March 30, 2012.

### III. Eskivel is entitled to one additional day of presentence incarceration credit for a total of 448 days.

¶12 Eskivel was taken into custody for purposes of presentence incarceration credit for the instant offenses on March 30, 2012 and it is undisputed that he remained in custody until his sentencing on June 21, 2013. The superior court clearly stated that June 21 was the first day of Eskivel's sentence. Thus, Eskivel is entitled to presentence incarceration credit starting March 30, 2012 and ending June 20, 2013—448 days' credit. *See State v. Hamilton*, 153 Ariz. 244, 246, 735 P.2d 854, 856 (App. 1987) (stating defendant not entitled to credit for day sentence is imposed if it is the first day of defendant's sentence). We therefore, credit Eskivel with one additional day for a total of 448 days' presentence incarceration credit.

**CONCLUSION**

**¶13** For the reasons stated, we affirm Eskivel's award of presentence incarceration credit, but modify the award by adding one additional day for a total of 448 days' presentence incarceration credit.



Ruth A. Willingham · Clerk of the Court
FILED: gsh