NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————

STATE OF ARIZONA, *Appellee,*

*v.*

JOSEPH LAMONT WILSON, *Appellant.*

No. 1 CA-CR 14-0684
FILED 3-29-2016

———————————

Appeal from the Superior Court in Maricopa County
No. CR2013-456607-001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

———————————

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

**G E M M I L L**, Judge:

¶1        Joseph Lamont Wilson ("Wilson") challenges his convictions for one count of aggravated assault and one count of resisting arrest.  He contends his due process rights were violated because he was required to wear constraints without the trial court first conducting a hearing to determine the necessity of visible restraints.  For the following reasons, we affirm his convictions and sentences.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        On the day before jury selection, the trial court and Wilson's counsel both strongly encouraged Wilson to dress out in ordinary clothes rather than appear before the jury in jail garb.  At jury selection, Wilson's counsel brought clothes for him to change into, but Wilson elected to wear jail attire.  Wilson was in custody with restraints, including handcuffs, but he confirmed that he preferred the jury to see him in jail attire, saying "Yes, it is totally my decision."

¶3        Wilson's attorney raised the issue of the restraints with the trial court, but after speaking with Wilson, stated that Wilson's main concern was his ability to get through paperwork and go through evidence. The trial court stated that this would not be an issue during jury selection and could be addressed again the next day, when the presentation of evidence would commence.   Additionally, the court instructed the prospective jurors that although "Mr. Wilson is wearing clothing and restraints associated with being in custody . . . whether he is in custody or out of custody has no bearing whatsoever on whether or not he committed the offense."

¶4        On the next day of trial, when the presentation of evidence began, Wilson again elected to wear jail attire but was not restrained by handcuffs. The circumstances were the same on the next day, and the trial court again confirmed with Wilson that he preferred to be dressed in jail attire. On the final day of trial, Wilson was again in handcuffs.  The Defense

had rested at that point, and the trial court noted that the jury would not "be able to see much . . . anyway." No specific objections were asserted by Wilson or his attorney to the handcuffs restraining him on the first and final days of the trial.

¶5 The jury found Wilson guilty of one count of aggravated assault and one count of resisting arrest. The jury found him not guilty of threatening or intimidating. The trial court sentenced Wilson to prison terms of 2.25 years and 1.75 years, to be served concurrently. Wilson timely appeals and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

**ANALYSIS**

¶6 Wilson raises one issue on appeal: whether the trial court violated his due process right to a fair trial by allowing him to be placed in restraints that were visible to the jury without first conducting a hearing on the necessity of such restraints. Wilson did not object to the restraints at trial nor did he assert a due process violation. Therefore, he has forfeited appellate review except for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20 (2005) (failing to object at the trial level limits appellate review to fundamental, prejudicial error). Under fundamental error review, Wilson must prove the trial court erred, the error was fundamental (impacting the foundation of the case), and he was prejudiced by the error. *See id*.

¶7 In *Deck v. Missouri*, the United States Supreme Court held that "courts cannot routinely place defendants in shackles or other physical restraints visible to the jury during the penalty phase of a capital proceeding," but they are permitted to make a "case specific" determination that shackling is warranted. 544 U.S. 622, 633 (2005). The Court observed that shackling the defendant "almost inevitably affects adversely the jury's perception of the character of the defendant." *Id*. The Arizona Supreme Court reiterated this point in *State v. Gomez*, 211 Ariz. 494, 503, ¶ 42 (2005). Relying on *Deck* and *Gomez*, Wilson argues that he is entitled to a new trial because the trial court never made a determination that handcuffs were necessary.

¶8 Even assuming that error occurred in this case, however, Wilson cannot prove that the error was fundamental. Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that

3

the defendant could not possibly have received a fair trial." *Henderson*, 210 Ariz. at 567, ¶ 19 (internal quotation omitted).

**¶9**        This case is distinguishable from both *Deck* and *Gomez*, because Wilson chose to appear before the jury in jail garb. Despite being advised by both the court and counsel to wear street clothes, Wilson knowingly elected to wear his jail attire and thereby inform the jury of the fact that he was in custody. Additionally, the record reflects that the only time the jury had a clear view of Wilson's restraints was during jury selection. At that time, Wilson's counsel addressed the potential jurors to determine whether any of them would be unable to treat Wilson fairly because he was in custody:

> Ladies and Gentlemen, I know that the judge went over with you the fact that my client is dressed out like this. It's the 800-pound gorilla in the room. And so I believe that we should attack this square on.

> Look, looking at him, if any of you — you will not hurt our feelings — do not believe you can be fair to him as he stands before you, raise your card.

No potential juror raised his or her card, and Wilson's counsel proceeded with voir dire. Accordingly, Wilson has not shown that he was denied a fair trial on the basis that the trial court did not prevent the jury from seeing his restraints. *See Henderson*, 210 Ariz. at 567, ¶ 19 (placing the burden of proof of fundamental error on the defendant).

**¶10**        In addition to Wilson's own choice to proceed in jail attire and defense counsel's voir dire, the trial court's cautionary instruction also prevents us from finding the prejudice required for reversal under fundamental error review. Our supreme court recognizes the presumption that a jury follows the court's instructions, *see State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006), and here the court told the jurors not to consider Wilson's custody status as substantive evidence of guilt. Moreover, there is no indication that the jury did not follow the trial court's admonition. To the contrary, Wilson's acquittal on the third count (threatening or intimidating) supports the conclusion that the jury followed the trial court's cautionary instruction and did not improperly associate guilt with the mere fact that he was in custody during trial and wearing handcuffs during jury selection. *See State v. Anderson*, 199 Ariz. 187, 193, ¶ 33 (App. 2000) (reasoning jury's acquittal on some charges "undermined" defendant's argument of prejudice); *see also State v. Rushing*, 156 Ariz. 1, 3 (1988) (concluding that

jury's acquittal on one charge and conviction of lesser-included offense demonstrated the alleged prejudicial evidence "did not so inflame the jury as to render it incapable of making critical factual determinations"). Therefore, Wilson has failed to demonstrate that a fundamental, prejudicial error occurred.

## CONCLUSION

¶11          For these reasons, we affirm Wilson's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama