NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSEPH MATTHEW BENNETT, *Appellant*.

No. 1 CA-CR 15-0381
FILED 8-18-2016

Appeal from the Superior Court in Maricopa County
No. CR 2011-157395-001 SE
The Honorable Jose S. Padilla, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Michael J. Dew, Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jon W. Thompson joined.

_____

**D O W N I E**, Judge:

**¶1**         Joseph Matthew Bennett ("Appellant") appeals his convictions and sentences for theft and attempted trafficking in stolen property.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Appellant and another individual ("Codefendant") stole property from the home of J.M. and P.M.  The two men later rented a hotel room, where they laid out the stolen items to "take inventory" and determine what was valuable.  Codefendant "felt horrible" about committing the crime.  He left the hotel and drove to his parents' home, where he confessed and told his parents to call the police.  When officers arrived, Codefendant admitted his role in the theft and disclosed the location of the stolen property.

**¶3**         Officers arrested Appellant in a hotel room adjoining the room he and Codefendant had rented, where Appellant was attempting to sell some of the stolen jewelry.  During police questioning, Appellant admitted his involvement in the theft.

**¶4**         A jury found Appellant guilty of the charged offenses and determined that the stolen property was worth between $4,000 and $25,000, making the theft conviction a class 3 felony.  *See* Ariz. Rev. Stat. ("A.R.S.") § 13-1802(G).  Appellant timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

**¶5**         The only issue Appellant raises on appeal is whether there was sufficient evidence that the stolen property had a value between $4,000 and $25,000.  To set aside a verdict based on insufficient evidence, "it must clearly appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316 (1987).

¶6        Appellant moved for a judgment of acquittal at trial, arguing P.M.'s testimony about the value of the property stolen from her home was "far from substantial evidence."  The court denied the motion and later instructed the jury as follows:

> "Value" means the fair market value of the property or services at the time of the theft.  When property has an undeterminable value, you shall determine its value, and in reaching your verdict may consider all relevant evidence, including evidence of the property's value by its owner.

Appellant did not object to this instruction, which is consistent with the statutory definition of "value."  *See* A.R.S. § 13-1801(A)(15).

¶7        "Ordinarily, the owner of property is competent to give an opinion of its value."  *State v. Rushing*, 156 Ariz. 1, 4 (1988).  P.M. testified about the stolen property and offered values for several items that officers had recovered and photographed.  She also testified that she received an insurance payment of $53,517.39 as a result of the theft, and she relied on purchase prices and prior appraisals in arriving at her value estimates for various items.

¶8        Based on P.M.'s testimony, reasonable jurors could conclude that Appellant stole property valued at between $4,000 and $25,000.  We reject Appellant's assertion that because the value of items that were not recovered and returned to the victims totaled less than $1,000, the jury could not factually conclude that he stole more than $4,000 worth of property.  Appellant cites no authority for this novel proposition, and we are aware of none.  Such a proposition is contrary to the definition of theft, which includes knowingly controlling property of another with the intent to deprive the other person of such property. *See* A.R.S. § 13-1802(A)(1). Moreover, adopting Appellant's flawed logic, he could steal a master artwork valued at $10 million, but if it were later recovered and returned to its rightful owner, he could not be found guilty of theft.  We reject such an unsupported (and unsupportable) claim.

## CONCLUSION

¶9        We affirm Appellant's convictions and sentences.



Amy M. Wood • Clerk of the court
FILED:  AA