NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ROBYN HANGER,
*Petitioner/Appellee*,

v.

JOEL HANGER,
*Respondent/Appellant*.

No. 1 CA-CV 21-0138 FC
FILED 5-17-2022

Appeal from the Superior Court in Maricopa County
No. FC2012-070854
The Honorable Lisa Ann VandenBerg, Judge

**AFFIRMED**

APPEARANCES

Strong Law, Phoenix
By Marc R. Grant, Jr.
*Counsel for Petitioner/Appellee*

Joel Hanger, Tonopah
*Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

_____

**M O R S E**, Judge:

¶1          Joel Hanger ("Father") appeals the family court's order modifying his parenting time.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Father and Robyn Hanger ("Mother") divorced in December 2012.  The parties have three minor children ("Children").  The original decree granted joint legal decision making and a 50-50 parenting time schedule.

¶3          In 2019, Father petitioned to modify legal decision making and parenting time.  Mother counter-petitioned.  The Department of Child Safety ("DCS") became involved and imposed a safety plan restricting Father's visitation.  DCS had concerns regarding Father and his live-in-girlfriend's children.  After the Best Interest Attorney raised concerns regarding Father's mental health, Mother moved for a psychological evaluation.  The court granted the motion, but Father refused to participate.

¶4          At a hearing in October 2020, the court heard testimony from Mother, Father, and a Court Appointed Advisor.  The court awarded Mother sole legal decision making and limited Father's parenting time to alternating weekends.  The court also awarded Mother $12,334.25 in fees and costs.

¶5          Father appealed and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

### I.     Procedural Issues.

¶6          As an initial matter, Mother asserts that Father's opening brief is procedurally deficient and asks us to affirm the family court's ruling

summarily.[1] Admittedly, Father's brief is thin on supporting legal authority and lacks a statement of the issues. *See* ARCAP 13(a)(6)-(7). However, we decline Mother's invitation because we prefer to decide cases upon their merits. *Drees v. Drees*, 16 Ariz. App. 22, 23 (1971). We address Father's arguments, but consider waived any arguments not supported by adequate explanation, citations to the record, or authority. *See In re Aubuchon*, 233 Ariz. 62, 64-65, ¶ 6 (2013).

¶7 Father asks the Court to take judicial notice of numerous documents, some of which he does not provide and asks us to locate. Although we may take judicial notice of documents in other court cases, *In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000), the records Father provides or asks us to locate have little bearing on the issues relevant to this appeal. We decline Father's request to search for documents. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342-43 (1984) ("[The Court is] not required to assume the duties of an advocate and search voluminous records and exhibits to substantiate an appellant's claims."); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in [the record].").

## II.    The Child Custody Order.

¶8 The right to custody of one's child is fundamental but not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶¶ 11-12 (2000). "The family court . . . has discretion to determine parenting time based on all the evidence before it." *Gonzalez-Gunter v. Gunter*, 249 Ariz. 489, 492, ¶ 11 (App. 2020) (as amended). "To change a previous custody order, the family court must determine that there has been a material change in circumstances affecting the welfare of the child." *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17 (App. 2015) (internal quotation marks omitted). This is a "fact-intensive . . . inquiry." *Engstrom v. McCarthy*, 243 Ariz. 469, 472, ¶ 10 (App. 2018). Because Father failed to provide a transcript of the proceedings below, we assume that the facts support the family court's finding. *See State ex rel. Brnovich v. Miller*, 245 Ariz. 323, 325, ¶ 9 (App. 2018); ARCAP 11(c).

¶9 Father first argues the court abused its discretion in making the changes to parenting time and legal decision-making "absent findings of abuse, neglect, abandonment or exigent circumstances." Father is

---

[1] Mother also reasserts that this appeal should be dismissed as moot. However, we previously denied Mother's motion to dismiss on that issue. *See Hanger v. Hanger*, 1 CA-CV 21-0138 (Ariz. App. Sept. 29, 2021) (order).

incorrect; the court has discretion to adopt a parenting plan that is in the Children's best interest based on the evidence. *See Gunter*, 249 Ariz. at 492, ¶ 11 ("Contrary to Father's contention, A.R.S. § 25-403.02(B) does not mandate equal parenting time absent parental unfitness or endangerment."). We also reject Father's argument that A.R.S. § 25-411(J) similarly barred the court from reducing his parenting time. That statute refers to the court's power to place conditions on how a parent exercises his or her parenting time, not to a diminution in parenting time. *Gunter*, 249 Ariz. at 492, ¶ 13.

**¶10** Second, Father argues the court abused its discretion by considering his failure to undergo a psychological evaluation when making the parenting-time determination. As part of the best-interests determination, the court must consider the "mental and physical health of all individuals involved." A.R.S. § 25-403(A)(5); *see* Ariz. R. Fam. Law P. 63. The court granted Mother's motion for a psychological evaluation of Father, and warned Father that failure to comply would result in an adverse inference. Father refused to participate, and the court noted that he "failed to demonstrate for the record that he is stable enough to assist Mother in elevating each Child's needs and the Child's best interest above his own wants." The court did not abuse its discretion. *See Montoya v. Superior Court*, 173 Ariz. 129, 131 (App. 1992) (noting that a court in a custody proceeding "may draw a negative inference from the father's" refusal to answer questions about drug use); *cf. also Hays v. Gama*, 205 Ariz. 99, 104, ¶ 23 (2003) (noting superior court's contempt sanctions must not impact "ability to consider the best interests of the child").

**¶11** Third, Father asserts the court erred by admitting the Court Appointed Advisor's report into evidence on its own motion. "We will not disturb a trial court's rulings on the exclusion or admission of evidence unless a clear abuse of discretion appears and prejudice results." *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 506 (1996). The record does not reflect an objection to the report's admission. *See Starkins v. Bateman*, 150 Ariz. 537, 544 (App. 1986) (finding failure to lodge contemporaneous or continuing objection waived issue). Further, the Court Appointed Advisor's report is admissible. Ariz. R. Fam. Law P. 10.1(d)(5). Finally, the report is in the record and subject to judicial notice. *See Sabino R.*, 198 Ariz. at 425, ¶ 4. The court did not err.

**¶12** Fourth, Father asserts the court erred by failing "to make findings for each child individually." But Father cites no authority, and we aware of none, that the findings need to be made specifically for each child. Instead, A.R.S. § 25-403(B) requires the court to "make specific findings on

the record about all relevant factors and the reasons for which the decision is in the best interests of the child." Those findings are required not only to "aid an appellant and the reviewing court, but also . . . all parties and the family court in determining the best interests of the child or children both currently and in the future." *Reid v. Reid*, 222 Ariz. 204, 209, ¶ 18 (App. 2009). Here, the court provided a detailed order with numerous findings of fact showing the court considered the required factors in determining the best interests of the Children. *See* A.R.S. § 25-403, -403.01.

**¶13** Fifth, Father argues the court abused its discretion by failing to order DCS to produce requested records. The court denied the petition as not ripe, noting Father had not requested the records from DCS. *See* Ariz. Admin. Code R21-1-103 (outlining procedures for requesting DCS information); *cf. Am. Civil Liberties Union v. Ariz. Dep't of Child Safety*, 240 Ariz. 142, 151, ¶ 30 (App. 2016) (rejecting request to require DCS to generate documents when petitioner had not asked DCS to inspect record). We agree that Father's petition failed to identify steps he had taken to request these records from DCS, or establish he is a party entitled to the records. *See* A.R.S. § 8-807 (providing who may receive confidential DCS records). The court did not err.

**¶14** Finally, Father asserts the family court "ignored the facts" and asks this Court to re-weigh the evidence. We must decline this invitation. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998) ("We will defer to the [family] court's determination of witnesses' credibility and the weight to give conflicting evidence.").

## III. Attorney Fees and Costs.

**¶15** Both parties request an award of attorney fees on appeal. We find that Father took unreasonable positions in this appeal. We further note Father's superior resources. In the exercise of our discretion, pursuant to A.R.S. § 25-324(A), we award Mother a reasonable portion of her attorney fees incurred on appeal. We also award Mother her costs. *See* ARCAP 21. We deny Mother's request for sanctions.

**CONCLUSION**

**¶16** We affirm.

